UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA
RENO, NEVADA

| | | |
|---|---|---|
| STEVEN KINFORD, | ) | CASE NO. 3:11-CV-00701-RCJ-WGC |
| Plaintiff, | ) ) ) | MINUTES OF THE COURT |
| vs. | ) ) | DATED: MAY 14, 2011 |
| ROBERT BANNISTER, et al., | ) ) | |
| Defendant(s). | ) ) | |

PRESENT: <u>HONORABLE WILLIAM G. COBB , U.S. MAGISTRATE JUDGE</u>

Deputy Clerk: <u>KATIE LYNN OGDEN</u>   Reporter: <u>FTR: 1:35:58 p.m. - 1:59:57 p.m.</u>

Counsel for Plaintiff(s): <u>STEVEN KINFORD, In Pro Per (Telephonically)</u>

Counsel for Defendant(s): <u>TIFFANY PAGNI and JEFFREY HOPPE (Telephonically)</u>

PROCEEDINGS: **MOTION HEARING**

1:35 p.m. Court convenes.

The Court addresses the parties and its purpose for this hearing as it relates to the following three issues: (1) Plaintiff's Motion to Gain Access to Medical Records (Dkt. 34), (2) Defendant Dr. Philip Schlager's Motion to Dismiss (Dkt. 32), and Plaintiff's Motion to Extend Legal Supplies and/or to Have Family Send Supplies via Internet (Dkt. No. 42).

Having heard from the parties and good cause appearing, the Court finds as follows:

    **1.**    **<u>Plaintiff's Motion to Gain Access to Medical Records (Dkt. No. 34)</u>**

Plaintiff shall be provided a three (3) to five (5) hour time period in which to review his medical records. There is no objection by the Defendant's in court as well as in their limited opposition to Plaintiff's motion (Dkt. No. 35). Mr. Hoppe further states that after speaking with NNCC, the time in which Plaintiff has to view his medical records may be extended.

3:11-cv-701-RCJ-WGC (Kinford v. Bannister, et al)
May 14, 2012
Page 2

---

Plaintiff's motion further requests that any copy work made from his medical file be charged at $.10 per page rather than the standard $.60. Mr. Hoppe explains that the distinction in fee charges by the law library and the medical facility are due to: (1) the nursing staff must be present while the inmate reviews the medical file, (2) the nursing staff must take the file apart, copy the documents, then put the file back together. Plaintiff requests that any copy work made from his medical record be kept in a separate folder while still being kept at the medical facility. Mr. Hoppe states that he will discuss this request with the Nevada Department of Corrections.

2. **Defendant, Dr. Philip Schlager, Motion to Dismiss (Dkt. No. 32)**

The Court recognizes that the Plaintiff may not be fully prepared to discuss the pending Motion to Dismiss by Defendant Philip Schlager but allows for discussion between Ms. Pagni and Mr. Kinford. Both parties advise the Court of their position regarding the three problems presented by Ms. Pagni. The three problems include: (1) Dr. Schlager is not a state actor but a private physician, (2) Plaintiff alleges negligence and does not allege facts of deliberate indifference by Dr. Schlager, and (3) there is an issue with the statute of limitations.

The Court thanks both parties for addressing their respective positions regarding the Motion to Dismiss and advises them that the motion is pending.

3. **Plaintiff's Motion to Extend Legal Supplies and/or Have Family Send Supplies via Internet (Dkt. No. 42)**

Mr. Kinford explains that due to several pending cases, including this present case, he is in need of additional legal supplies. The Court explains that its policy of providing legal supplies to inmates is on a case-by-case basis. Mr. Kinford further states that at this present time he is not in need of additional supplies for this particular case.

In light of Mr. Kinford's statements, the Court finds Plaintiff's Motion to Extend Legal Supplies and/or Have Family Send Supplies via Internet (Dkt. No. 42) **MOOT**. Plaintiff is advised that he may re-file this motion at a later time if need be.

IT IS SO ORDERED.

1:59 p.m. Court adjourns.

LANCE S. WILSON, CLERK

By: _____/s/_____
    Deputy Clerk