UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | | |
|---|---|---|
| STEVEN KINFORD | ) | 3:11-cv-00701-RCJ-WGC |
| | ) | |
| Plaintiff, | ) | **MINUTES OF PROCEEDINGS** |
| | ) | |
| vs. | ) | October 19, 2012 |
| | ) | |
| ROBERT BANNISTER, *et al.,* | ) | |
| | ) | |
| Defendants. | ) | |

PRESENT:   <u>THE HONORABLE WILLIAM G. COBB</u>, U.S. MAGISTRATE JUDGE

DEPUTY CLERK:  <u>Katie Lynn Ogden</u>   REPORTER:     <u>          FTR          </u>

COUNSEL FOR PLAINTIFF: <u>Steven Kinford, In Pro Per (Telephonically)          </u>

COUNSEL FOR DEFENDANTS:<u>Nathan L. Hastings, (obo Robert Bannister, Dr. Marsha Johns,

and David Marr); Alice C. Mercado (obo: Dr. Philip Schlager).          </u>

**MINUTES OF PROCEEDINGS: Motion Hearing**

9:29 a.m. Court Convenes.

**I.  <u>Defendant Philip Schlager Motion to Dismiss (Dkt. #48)</u>**

   The court requests that Ms. Mercado address the substance of defendant Philip Schlager's Motion to Compel (Dkt. #48).  Ms. Mercado indicates that plaintiff was served with written discovery requests, which he did not respond to.  Ms. Mercado received two letters from Mr. Kinford stating that he does not intend to respond to the discovery requests until the Motion to Dismiss (Dkt. #32) is ruled on.  Ms. Mercado argues under Local Rule 7-2(b) defendant's motion to compel should be granted.

   Mr. Kinford indicates that, after recently reviewing the complaint and pleadings with an inmate (who is helping Mr. Kinford throughout the litigation process), there appear to be deficiencies within those documents that need to be corrected.  Mr. Kinford requests that he be granted the opportunity to amend the complaint due to a misunderstanding of the name and physician who conducted plaintiff's first surgery.  Mr. Kinford understands that James L. Pincock, M.D., D.M.D. is the proper name of the physician who performed plaintiff's first surgery, not Philip Schlager, M.D.

MINUTES OF PROCEEDINGS
3:11-cv-00701-RCJ-WGC
Date: October 19, 2012
Page 2

      The court advises Mr. Kinford that his request to file an amended complaint poses a problem due to statute of limitations requiring that a civil rights action be filed within two (2) years from the date of injury or discovery of injury; however, there are exceptions. The court advises Mr. Kinford that, should a motion to amend be filed, the motion should set forth the reasons why the discovery of the incorrectly named defendant was not known earlier. The proposed amended complaint should be a full and complete document in and of itself and attached to the motion to amend. The court encourages the state defendants' counsel to arrange a time for plaintiff to review his medical records so that he may include any applicable information in the proposed amended complaint.

      Ms. Mercado advises the court that defendant Dr. Schlager has filed a Motion for Summary Judgment (Dkt. #52) on the basis that was just represented by plaintiff – that Dr. Schlager was not the physician who conducted the surgery. Ms. Mercado represents that, in light of plaintiff's oral admission that Dr. Schlager did not perform the surgery, it is not necessary to conduct discovery with regards to Dr. Schlager and that a request for leave to supplement the motion for summary judgment to include Mr. Kinford's statements would be appropriate.

      In light of plaintiff's representation that Dr. Schlager has been improperly named as a defendant in the alleged claims, the court suggests that plaintiff entertain a stipulation, prepared by the defendant, to dismiss Dr. Schlager from the case. Ms. Mercado agrees to prepare and serve on plaintiff a stipulation for voluntary dismissal as to Dr. Schlager.

      In light of the discussions and possible entertainment of a forthcoming stipulation to dismiss defendant Dr. Schlager, the court will order defendant's Motion to Compel be **DEFERRED**. Should a stipulation to dismiss Dr. Schlager be filed, the defendant's Motion to Compel (Dkt. #48 ) and the court's Report and Recommendation (Dkt. #47) will be considered moot.

### II.  Plaintiff's Motion for an Extension of Time (Dkt. #53)

      Although there is a possibility that Dr. Schlager will be dismissed by way of stipulation, and the Report and Recommendation may then become moot, plaintiff's Motion for an Extension of Time to Respond to the Report and Recommendation (Dkt. #53) is **GRANTED**. Plaintiff shall have an additional thirty (30) days from today's hearing, or up to and including **Monday, November 26, 2012,** to file any response to the Report & Recommendation.

### III.  Plaintiff's Motion for Clarification (Dkt. #54)

      The court finds that plaintiff's Motion for Clarification (Dkt. #54) has been resolved

MINUTES OF PROCEEDINGS
3:11-cv-00701-RCJ-WGC
Date: October 19, 2012
Page 3

during this hearing and therefore the motion is **DENIED as moot**.

### IV.  Plaintiff's Motion for Relief (Dkt. #66)

Based on the information provided to the court regarding inmates receiving correspondence from outside physicians by mail, plaintiff's Motion to Receive Correspondence from Outside Physicians Regarding Medical Condition (Dkt. #66) is **DENIED** with leave to renew if necessary.  The court notes that Mr. Hastings has graciously agreed to investigate the procedures for inmates to receive such correspondence.

10:19 a.m. Court Adjourns.

**IT IS SO ORDERED.**

LANCE S. WILSON, CLERK

By:  _____/s/_____
Katie Lynn Ogden, Deputy Clerk