1

2

3

4

5

6                        **UNITED STATES DISTRICT COURT**
                              **DISTRICT OF NEVADA**
7

8

9    STEVEN KINFORD,                        )
                                            )
10              Plaintiff,                   )
                                            )          3:11-cv-00701-RCJ-WGC
11        vs.                                )
                                            )
12   ROBERT BANNISTER et. al.,               )              **ORDER**
                                            )
13              Defendants.                  )
     _____)
14

15          This is a prisoner civil rights action pursuant to 42 U.S.C. § 1983.  Before the Court is

16   Defendant Philip Schlager, M.D.'s Motion to Dismiss (ECF No. 32).  The magistrate judge has

17   recommended that the motion be granted in part and denied in part.  Since the magistrate judge

     issued the Report and Recommendation ("R&R") (ECF No. 47), however, the parties have stipulated
18
     to the dismissal of Dr. Schlager with prejudice, (*see* Stip. & Order, Nov. 27, 2012, ECF No. 77), and
19
     Plaintiff has moved to amend the Complaint, (*see* Motion for Leave to File Amended Complaint,
20
     Nov. 26, 2012, ECF No. 76), based upon his discovery that a different doctor performed the surgery
21
     at issue.  The Court will therefore deny the Motion to Dismiss as moot in part and reject the R&R as
22
     moot in part, accordingly.  However, one aspect of the R&R concerning a pure issue of law is not
23
     moot.  The Court will therefore adopt the R&R in part in order to establish the law of the case on that
24
     issue, which law will apply to the pending motion to amend.
25
            The claims in this case arise out of Plaintiff's facial surgery, performed by doctors under
26
     contract with the Nevada Department of Corrections ("NDOC") or specially hired by NDOC for
27
     Plaintiff's particular procedure.  Plaintiff has brought an Eighth Amendment deliberate indifference
28
     claim based upon the delay of surgery and the alleged failure to properly perform the surgery, as well

as a state law medical malpractice claim.  Dr. Schlager's motion to dismiss has become moot as against him, since he has been dismissed as a Defendant.  He had argued that he was not a state actor amenable to a § 1983 claim, that there was no deliberate indifference on the merits, that the statute of limitations barred a § 1983 claim, and that the state law medical malpractice claim was barred for failure to comply with Nevada Revised Statutes ("NRS") section 41A.071.  Presumably, any new Defendant will make a motion with similar arguments based upon the allegations and evidence applicable to that Defendant.  The Court will await an R&R on any such future motions.  However, the Court will adjudicate the section 41A.071 issue now.

    Section 41A.071 requires a trial court to dismiss a medical malpractice action without prejudice "if the action is filed without an affidavit, supporting the allegations contained in the action, submitted by a medical expert who practices or has practiced in an area that is substantially similar to the type of practice engaged in at the time of the alleged malpractice." Nev. Rev. Stat. § 41A.071.  As the magistrate judge noted, the Nevada Supreme Court has ruled that "a complaint filed without a supporting medical expert affidavit is void ab initio and must be dismissed.  Because a void complaint does not legally exist, it cannot be amended." *Washoe Med. Ctr. v. Second Judicial Dist. Ct.*, 148 P.3d 790, 792 (Nev. 2006).[1]  Because Plaintiff did not comply, the magistrate judge recommended dismissing the medical malpractice claim without leave to amend.  Because this defect cannot be cured by amendment, and because it does not depend upon the allegations made against any particular doctor, the Court will adopt the R&R in this regard at this time.  Even to the extent Dr. Schlagel's own motion on the point may be moot, the Court may raise the issue *sua sponte*, and Plaintiff has had an opportunity to argue the issue via his response to Dr. Schlagel's motion.

///

///

---

[1]Although usually synonymous for all intents and purposes, dismissal without leave to amend is procedurally different from dismissal with prejudice in the context of section 41A.071. *See id.* at 1306 ("We conclude that when a plaintiff has failed to meet NRS 41A.071's expert affidavit requirement, the complaint is void ab initio and must be dismissed, without prejudice, and no amendment to cure an NRS 41A.071 defect is allowed.").  In other words, amendment is not permitted to correct a section 41A.071 defect, but a plaintiff may be able to file a new case if he complies with the statute from the beginning in the new case.

1

**CONCLUSION**

2        IT IS HEREBY ORDERED that the Report and Recommendation (ECF No. 47) is

3   ADOPTED IN PART and REJECTED IN PART as moot.  The medical malpractice claim is

4   dismissed without prejudice, but without leave to amend.

5        IT IS FURTHER ORDERED that the Motion to Dismiss (ECF No. 32) is DENIED as moot.

6        IT IS SO ORDERED.

7   Dated this 12th day of December, 2012.

8
                                        _____
9                                          ROBERT C. JONES
                                        United States District Judge
10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

3