UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| STEVEN KINFORD,<br><br>    Plaintiff,<br><br>vs.<br><br>BANNISTER, *et al.*,<br><br>    Defendants. | 3:11-cv-00701-RCJ-WGC<br><br>**MINUTES OF THE COURT**<br><br>February 6, 2013 |

PRESENT:  THE HONORABLE WILLIAM G. COBB, U.S. MAGISTRATE JUDGE

DEPUTY CLERK:   JENNIFER COTTER     REPORTER: NONE APPEARING

COUNSEL FOR PLAINTIFF(S):  NONE APPEARING

COUNSEL FOR DEFENDANT(S):  NONE APPEARING

**MINUTE ORDER IN CHAMBERS:**

    On February 4, 2013, the court received plaintiff's "Motion for Issuance of Summons and Order for Service" as to "Defendant James Pincock." (Doc. # 89). Plaintiff's motion erroneously states "this court has previously allowed Plaintiff to submit an amended complaint wherein Dr. James Pincock was added as a defendant." (*Id.* at 2.) Plaintiff is mistaken. In this Court's order of December 18, 2012 (Doc. # 80), the court concluded Plaintiff's amended complaint did not state a viable medical malpractice claim against Dr. Pincock but that issue would be addressed in a subsequent report and recommendation on the subject. (Doc. # 80 at 8; fn. 76.) Additionally, while the court concluded Plaintiff's proposed amended complaint appeared to set forth a colorable claim of deliberate indifference, no final ruling was made by this court on the proposed amended complaint. Instead the court stated a report and recommendation would be issued addressing Plaintiff's motion to amend after the parties completed further briefing. (Doc. # 80 at 12.)

    The parties were permitted to have until January 14, 2013, "to submit additional memoranda on the subject." (*Id.* at 2.) However, four days after that deadline, and before this court issued a report and recommendation on Plaintiff's motion to amend, the parties submitted a stipulation for dismissal with prejudice (Doc. # 86). On January 25, 2013, Chief Judge Robert C. Jones entered an Order dismissing the case with prejudice (Doc. # 88).

/ / /

**MINUTES OF THE COURT**
3:11-cv-00701-RCJ-WGC
Date:  February 6, 2013
Page 2

      Accordingly, Dr. Pincock was never added as a party to "this action," but even if he were, Plaintiff's agreement to dismiss "the Civil Rights Complaint in the above-captioned matter" with prejudice (Doc. # 86) would effectively foreclose Plaintiff from pursuing any action against Dr. Pincock herein.

      Therefore, this case is closed and Plaintiff's motion (Doc #89) is **DENIED as moot.**

**IT IS SO ORDERED.**

                                    LANCE S. WILSON, CLERK

                                    By:  /s/
                                         Deputy Clerk