# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| STEVEN KINFORD, | ) |
| Plaintiff, | ) |
| | )  3:11-cv-00701-RCJ-WGC |
| vs. | ) |
| | ) |
| ROBERT BANNISTER et. al., | )  **ORDER** |
| | ) |
| Defendants. | ) |

This is a prisoner civil rights action pursuant to 42 U.S.C. § 1983. The claims arose out of facial surgery performed by doctors under contract with the Nevada Department of Corrections ("NDOC") or specially hired by NDOC for Plaintiff's procedure. On January 25, 2013, the Court dismissed the case with prejudice by stipulation.

Plaintiff has filed two motions, noting that in addition to the present case, he has filed two other cases in this District, Nos. 3:13-cv-115 and 3:12-cv-96. He asks the Court to permit him to pay a single filing fee for all three cases. A litigant must pay fees for each case he files. Still, the Courts of Appeals are split on the issue of whether the 20% recoupment under 28 U.S.C. § 1915(b)(2) may be taken concurrently when a prisoner is subject to recoupment in more than one case. The Second Circuit has ruled that a prisoner's recoupments must run sequentially, such that no more than 20% is recouped at any given time. *See Whitfield v. Scully*, 241 F. 3d 264, 277 (2nd Cir. 2001). The Seventh Circuit has ruled that a court must be permitted to assess the payments concurrently, such that, for example, a prisoner with fees for three cases pending is subject to 60% recoupment, otherwise a prisoner may file many cases for the price of one and may escape payment altogether once he is released. *See Newlin v. Helman*, 123 F.3d 429, 436 (7th Cir. 1997) (Easterbrook, J.) ("The PLRA is

designed to require the prisoner to bear some marginal cost for each legal activity.  Unless payment begins soon after the event that creates the liability, this will not happen.  A prisoner who files one suit remits 20 percent of income to his prison trust account; a suit and an appeal then must commit 40 percent, and so on.  Five suits or appeals mean that the prisoner's entire monthly income must be turned over to the court until the fees have been paid—though by then a prisoner is likely to have three strikes and to owe all future filing fees in full, in advance."), *overruled in other part by Walker v. O'Brien*, 216 F.3d 626 (7th Cir. 2000) (holding that the Prison Litigation Reform Act does not apply to habeas corpus proceedings).  The Fifth and Eighth Circuits have followed the Seventh. *See Atchison v. Collins*, 288 F.3d 177, 181 (5th Cir. 2002); *Lefkowitz v. Citi-Equity Grp.*, 146 F.3d 609, 612 (8th Cir. 1998).  The Fourth Circuit has followed the Second. *See Torres v. O'Quinn*, 612 F.3d 237, 252 (4th Cir. 2010).  Most recently, the D.C. Circuit followed the Seventh, making the count four to two (discounting the Tenth Circuit's unpublished opinion following the Seventh Circuit) in favor of reading the statute to mean 20% per case rather than 20% per prisoner for an unlimited number of cases. *See Pinson v. Samuels*, 761 F.3d 1, 8 (D.C. Cir. 2014).  The Ninth Circuit does not appeal to have opined on the issue, but two district courts in this Circuit have followed the majority rule. *See Samonte v. Frank*, 517 F. Supp. 2d 1238, 1244–45 (D. Haw. 2007); *Hendon v. Ramsey*, 478 F. Supp. 2d 1214, 1218–19 (S. D. Cal. 2007).  The Court agrees with is sister district courts in this Circuit and the majority of the Courts of Appeals to determine the issue.  The statute adopts $10 as the limit on deductions, not 20%.  It prescribes 20% as the price of filing a case.  To the extent the statute is ambiguous, the intent behind the Prison Litigation Reform Act was to curb abusive prisoner litigation.  A per case rule far better implements that purpose than a per prisoner rule.

The Court therefore denies the motions.  After the $10 exclusion, "20 percent of the preceding month's income credited to the prisoner's account" may be taken each month to pay the yet unpaid filing fees for each case with a balance remaining.

Plaintiff also asks for a default judgment against the remaining Defendants.  The Court denies the motion.  Those Defendants have answered the Complaint.

///

**CONCLUSION**

IT IS HEREBY ORDERED that the Motions (ECF Nos. 95, 96, 99) are DENIED.

IT IS SO ORDERED.

Dated this 7th day of January, 2015.

_____
ROBERT C. JONES
United States District Judge